DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
JOSEPH C. GRATZ (SBN 240676)
jgratz@durietangri.com
ANNIE A. LEE (SBN 328802)
alee@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:     415-236-6300

DURIE TANGRI LLP
ALLYSON R. BENNETT (SBN 302090)
abennett@durietangri.com
953 East 3rd Street
Los Angeles, CA 90013
Telephone:    213-992-4499
Facsimile:     415-236-6300

Attorneys for Defendant
INSTAGRAM, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS HUNLEY, et al.,<br><br>                              Plaintiffs,<br><br>     v.<br><br>INSTAGRAM, LLC,<br><br>                              Defendant. | Case No. 3:21-cv-03778-CRB<br><br>**DEFENDANT INSTAGRAM, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    January 28, 2022<br>Time:   10:00 a.m.<br>Ctrm:   6<br>Judge:  Honorable Charles R. Breyer |

# NOTICE OF MOTION AND MOTION TO DISMISS

PLEASE TAKE NOTICE THAT on January 28, 2022, in Courtroom 6 on the 17th floor of the above court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Instagram, LLC ("Instagram"), by and through its attorneys of record, will and hereby does move the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the First Amended Complaint for failure to state a claim upon which relief can be granted.  This motion is based on the pleadings and papers on file in this action, the following memorandum of points and authorities, and any further papers, evidence or argument as may be submitted in connection with this motion.

Dated:  November 19, 2021                              DURIE TANGRI LLP


                                                       By:         /s/ Joseph C. Gratz
                                                                JOSEPH C. GRATZ

                                                       Attorneys for Defendant
                                                       INSTAGRAM, LLC

# **TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ...............................................................................................................1

II.  BACKGROUND .................................................................................................................1

III. LEGAL STANDARD..........................................................................................................2

IV.  ARGUMENT.......................................................................................................................2

    A.  The Court's Reasons for Dismissing Plaintiffs' Original Complaint Apply with Equal Force to the First Amended Complaint ........................................................2

        1.  Plaintiffs' legal arguments are contrary to Ninth Circuit law................................3

        2.  Plaintiffs' new factual allegations do not change the Server Test analysis. ............3

        3.  That the Server Test is not mentioned in Instagram's Terms of Use is not a "factual issue." ..........................................................................................................4

    B.  Leave to Amend Would be Futile............................................................................5

V.   CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adkins v. Apple Inc.*,
   147 F. Supp. 3d 913 (N.D. Cal. 2014) ................................................................................3

*Allen v. City of Beverly Hills*,
   911 F.2d 367 (9th Cir. 1990) ................................................................................................5

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) ................................................................................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................................2, 3

*Bauer v. Tacey Goss, P.S.*,
   No. C 12-00876 JSW, 2012 WL 2838834 (N.D. Cal. July 10, 2012) ..................................5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................2

*Curry v. Yelp Inc.*,
   876 F.3d 1219 (9th Cir. 2017) ..............................................................................................2

*Farhang v. Indian Inst. Of Tech., Kharagpur*,
   2010 WL 3504897 (N.D. Cal. Sep. 7, 2010) ........................................................................3

*Gieseke v. Bank of America, N.A.*,
   No. 13-cv-04772-JST, 2014 WL 3737970 (N.D. Cal. 2014) ...............................................5

*Perfect 10, Inc. v. Amazon, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ..............................................................................1, 2, 4, 5

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ..............................................................................................5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This Court previously dismissed all of Plaintiffs' claims as barred by the Ninth Circuit's Server Test as articulated in *Perfect 10, Inc. v. Amazon, Inc.*, 508 F.3d 1146 (9th Cir. 2007). *See* Order Granting Motion to Dismiss ("MTD Order"), ECF No. 27 at 2-3.  This Court held that Plaintiffs failed to allege direct infringement for their secondary liability claims against Instagram because Plaintiffs had affirmatively alleged that third-party website embedders like Buzzfeed and Time do not store the copyrighted works on their own servers.  *Id.*  Plaintiffs' First Amended Complaint ("FAC"), ECF No. 28, does not contain ***any*** new factual allegations to change either that analysis or the result.  Instead, Plaintiffs' new allegations consist of a slew of improper legal argument contrary to Ninth Circuit law, and new characterizations of the ***exact same*** technical embedding process alleged in the dismissed complaint.

If Plaintiffs want to challenge the wisdom of the Server Test, they can raise it with the Ninth Circuit.  But Plaintiffs should not be permitted to waste the Court's limited resources by filing serial amended complaints that are subject to dismissal for the exact same reasons.  Plaintiffs' FAC should be dismissed without leave to amend.

## II.     BACKGROUND

On May 19, 2021, Plaintiffs brought this action alleging secondary copyright liability against Instagram for Instagram posts that were embedded on third-party websites like Buzzfeed and Time.  In their original complaint, Plaintiffs alleged that in an embedded post, it is Instagram's servers that host and transmit the allegedly infringing content, without the copyrighted works ever being saved on the servers of the third-party websites.  *See* Compl. ¶ 34, ECF No. 1, ("'[E]mbedding' is a technical process by which a copyrighted work can be made visible and displayed ***without the copyrighted work being saved on the server of the third-party website***.") (emphasis added); *id.* at. ¶ 35 ("Put another way, 'embedding' a photograph or video on a webpage is the act of a technical web coder adding a specific 'embed' code to the HTML instructions that incorporates a photograph or video, ***hosted in this case on Instagram's server***, to be displayed on a third-party webpage that the third-party controls with regard to the other text, photos or videos around the embedded work.") (emphasis added).  On September 17,

1

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES / CASE NO. 3:21-CV-03778-CRB

2021, this Court dismissed all of Plaintiffs' claims based on those allegations in the complaint. *See* MTD Order at 2 (citing Compl. ¶¶ 34-35). Plaintiffs then filed the FAC on October 18, 2021, and filed a redline the next day. FAC, ECF Nos. 28-29.

## III. LEGAL STANDARD

To survive a motion to dismiss, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While the Court must accept plaintiffs' well-pleaded factual allegations as true, it need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A Court may dismiss an amended complaint with prejudice where the amended complaint "d[oes] not cure the previously cited deficiencies" of the previous complaint. *Curry v. Yelp Inc.*, 876 F.3d 1219, 1224 (9th Cir. 2017).

## IV. ARGUMENT

### A. The Court's Reasons for Dismissing Plaintiffs' Original Complaint Apply with Equal Force to the First Amended Complaint

Put simply, Plaintiffs' new allegations in the FAC do not affect the applicability of the Server Test to the facts of this case. In its order granting Instagram's motion to dismiss the original complaint, this Court held as a matter of law that Instagram could not be secondarily liable for copyright infringement because it was undisputed that the third-party websites like Buzzfeed and Time that Plaintiffs alleged to be the direct infringers did not store the embedded images and videos on their own servers. MTD Order at 2. Under the Ninth Circuit's ruling in *Perfect 10*, Buzzfeed and Time therefore did not "fix" the copyrighted work in any "tangible medium of expression," and did not display "'copies' of the copyrighted work" under the Copyright Act. *Id.* at 2-3. Accordingly, neither Buzzfeed nor Time could be directly liable for copyright infringement, meaning that Instagram could not be secondarily liable either.

As shown below, none of the new allegations in the FAC change that analysis. Plaintiffs' FAC should be dismissed for the same reasons as the original complaint.

### 1. Plaintiffs' legal arguments are contrary to Ninth Circuit law.

Plaintiffs insert a nine-page legal brief, complete with citations to statutes, legislative history, and case law, in the middle of their First Amended Complaint. FAC ¶¶ 29-53. The FAC argues that "under the plain language of the Copyright Act," the physical location or possession of the displayed copy is "not relevant or an underlying requisite to the display right." FAC ¶ 30. The FAC also asserts that Plaintiffs' reading of the statute is consistent with the Supreme Court's statements in various other cases. FAC ¶¶ 30-34, 36 (discussing *N.Y. Times Co. v. Tasini* and *Am. Broad. Cos. v. Aereo, Inc.*). Plaintiffs spend nearly four pages of the FAC delving into the legislative history of the Copyright Act and arguing that application of the Server Test here would be inconsistent with the legislative intent behind the Act. FAC ¶¶ 40-52. Far from saving the FAC from dismissal, those allegations consisting of legal argument must be disregarded, and would be the proper subject of a motion to strike. *See Adkins v. Apple Inc.*, 147 F. Supp. 3d 913, 923 (N.D. Cal. 2014) ("striking nine paragraphs from the FAC [that] consist[ed] of improper legal argument") (citation omitted); *Farhang v. Indian Inst. Of Tech., Kharagpur*, 2010 WL 3504897, *1 (N.D. Cal. Sep. 7, 2010) (striking "legal argument, which does not belong in a complaint"); *Ashcroft*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). As this Court stated in its order dismissing the original complaint, if Plaintiffs want to argue that the Ninth Circuit's Server Test is inconsistent with the Copyright Act, they are "free to present that argument to the Ninth Circuit and the Supreme Court." MTD Order at 5.

### 2. Plaintiffs' new factual allegations do not change the Server Test analysis.

Plaintiffs' FAC also adds new factual allegations regarding embedding that recount the exact same process alleged in the original complaint. Most importantly, Plaintiffs have left untouched the allegations upon which this Court based its order granting the motion to dismiss. *Compare* FAC ¶¶ 58-59 *with* Compl. ¶¶ 34-35. Instead, the FAC offers only new ***characterizations*** of the already-alleged embedding process. The FAC describes embedding as "code interfacing with another form of code" to cause a display to occur in "two or more places at the same time," ¶ 3, as opening "a window" into the photos and videos on Instagram, ¶ 58, and as creating a "bridge or window across the internet" where viewers "do not know or care that the photo is stored on Instagram's server," ¶ 59. Those

characterizations do not affect the underlying facts, and thus do not change the application of the Server Test.

The FAC also includes a high-level description of the "four key participants" involved in embedding an Instagram post and a "visual step-by-step" describing how a post published by a user can be embedded. FAC ¶¶ 38-39. None of this is new. Nor do any of these allegations change or cast any doubt on the key fact relevant to the Server Test: that posts embedded from Instagram are stored on Instagram's servers, not the servers of the third-party websites that embed the Instagram post.

Indeed, some of the FAC's embellishments make even clearer that this case is on all fours with *Perfect 10*, since Plaintiffs now affirmatively allege that the process at issue here is indistinguishable from the technical process at issue in that case. *Compare* FAC ¶ 35 ("using embed code (***a process legally indistinguishable from in-line linking*** or other methods of providing HTML instructions for image retrieval)") (emphasis added) *with Perfect 10*, 508 F.3d 1146 at 1159-60 (affirming district court's holding that Plaintiff was "unlikely to succeed in its claim that Google's in-line linking to full-size infringing images constituted a direct infringement").

### 3. That the Server Test is not mentioned in Instagram's Terms of Use is not a "factual issue."

Plaintiffs attempt to manufacture a "factual issue" by asserting that the Terms of Use and Platform Policy do not mention the "Server Test," apparently insinuating that means Instagram did not intend for the Server Test to apply to its embedding feature. FAC at ¶ 2.[1]

But allegations relating to Instagram's state of mind—specifically, whether Instagram believes the Server Test applies (it does)—do not stand in the way of dismissal. If that were the case, every plaintiff in a lawsuit could sidestep a motion to dismiss by simply alleging the "fact" that the defendant did not intend for the asserted law to apply because they did not previously state that it should apply. At

---

[1] It is unclear how Plaintiffs contend that "[i]n fact, the opposite is true," because Instagram "admitted in open court on December 1, 2020" that third parties must "obtain all necessary rights (permission from the copyright holder) *before* embedding the copyrighted work." FAC at ¶ 68. In any event, Instagram already explained on reply in support of its first motion to dismiss that Instagram's "public admissions" that it did not grant third parties sublicenses to embed did not imply that Instagram believes such sublicenses are necessary, only that the obligation falls on third-party embedders to ensure any necessary rights are secured. *See* MTD Reply Brief, ECF No. 26, at 12 n.5.

any rate, the Server Test is binding law, and it applies to all copyrighted works by default. There is no need to mention the Server Test in a user agreement for it to apply; it certainly wasn't mentioned in any user agreement in the *Perfect 10* case, and it applied there.

### B.     Leave to Amend Would be Futile

"A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotations omitted) (citation omitted). Here, leave to amend a second time would be futile because, as shown above, the identity of the server that transmits the copyrighted works to the user remains undisputed. The lack of new factual allegations in Plaintiffs' First Amended Complaint relevant to the Server Test demonstrates that Plaintiffs cannot allege new facts that would change the Server Test analysis. *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) (quotations omitted) (affirming district court's dismissal with prejudice where the movant in his previous amended complaint "presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally."); *Gieseke v. Bank of America, N.A.*, No. 13-cv-04772-JST, 2014 WL 3737970, at *4 (N.D. Cal. 2014) (citation omitted) ("The fact that the Giesekes did not correct the deficiencies contained in their original complaint is a strong indication that the plaintiffs have no additional facts to plead."). Any new allegations Plaintiffs may include in another complaint in an attempt to change the Server Test analysis would not be credible against the weight of the allegations in the first two complaints. *See also Bauer v. Tacey Goss, P.S.,* No. C 12-00876 JSW, 2012 WL 2838834, at *3 (N.D. Cal. July 10, 2012) ("Because Plaintiffs have not offered a credible explanation for their contradiction, the Court need not accept their amended allegations as true.") (citation omitted). Thus, any attempt to amend the complaint again should be rejected. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[a] district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.") (citation omitted).

### V.     CONCLUSION

For the foregoing reasons, Instagram respectfully requests that the Court dismiss Plaintiffs' copyright claims, without leave to amend.

Dated: November 19, 2021 DURIE TANGRI LLP

By: /s/ Joseph C. Gratz
JOSEPH C. GRATZ

Attorneys for Defendant
INSTAGRAM, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2021 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                          */s/ Joseph C. Gratz*
                                          JOSEPH C. GRATZ