1  DURIE TANGRI LLP
   RAGESH K. TANGRI (SBN 159477)
2  rtangri@durietangri.com
   JOSEPH C. GRATZ (SBN 240676)
3  jgratz@durietangri.com
   ANNIE A. LEE (SBN 328802)
4  alee@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA 94111
   Telephone:    415-362-6666
6  Facsimile:    415-236-6300

7  DURIE TANGRI LLP
   ALLYSON R. BENNETT (SBN 302090)
8  abennett@durietangri.com
   953 East 3rd Street
9  Los Angeles, CA 90013
   Telephone:    213-992-4499
10 Facsimile:    415-236-6300

11 Attorneys for Defendant
   INSTAGRAM, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXIS HUNLEY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INSTAGRAM, LLC, <br><br> Defendant. | Case No. 3:21-cv-03778-CRB <br><br> **DEFENDANT INSTAGRAM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** <br><br> Date:  January 28, 2022 <br> Time:  10:00 A.M. <br> Ctrm:  6 <br> Judge: Honorable Charles R. Breyer |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ...................................................................................................................1

II.   ARGUMENT .........................................................................................................................1

    A.   Nothing in Plaintiffs' opposition changes this Court's conclusion that the Server Test bars Plaintiffs' secondary liability claims because there is no direct infringement. ..............................................................................................................1

    B.   This Court already rejected Plaintiffs' attempt to cabin *Perfect 10* based on district court cases outside the Ninth Circuit. ......................................................................3

    C.   This Court already rejected Plaintiffs' argument that *Aereo* is clearly irreconcilable with the Server Test. ................................................................................................4

    D.   Plaintiffs gave Instagram a license to display their works. ...................................5

    E.   The Court should deny leave to amend. .................................................................6

III.   CONCLUSION ......................................................................................................................6

i

DEFENDANT INSTAGRAM, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT / CASE NO. 3:21-CV-03778-CRB

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aleman Gonzalez v. Barr*,
  955 F.3d 762 (9th Cir. 2020) ................................................................................................. 4, 5

*American Broadcasting Companies, Inc., v. Aereo, Inc.*,
  573 U.S. 431 (2014) ............................................................................................................ 1, 4, 5

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
  465 F.3d 946 (9th Cir. 2006) ....................................................................................................... 6

*Bagley v. City of Sunnyvale*,
  2017 WL 344998 (N.D. Cal. 2017) ............................................................................................. 3

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ..................................................................................................................... 3

**Statutes**

17 U.S.C. § 106(4) ............................................................................................................................ 4

17 U.S.C. § 106(5) ............................................................................................................................ 4

I. INTRODUCTION

Plaintiffs' opposition to Instagram's motion to dismiss the amended complaint recycles the same arguments the Court already rejected when it granted Instagram's first motion to dismiss.

In its order granting Instagram's first motion to dismiss the original complaint, this Court expressly rejected Plaintiffs' arguments that the Ninth Circuit's Server Test should be limited to search engines, that this Court should look to district court decisions outside the Ninth Circuit, and that the Server Test is somehow irreconcilable with the Supreme Court's decision in *Aereo*. *See* ECF No. 27 ("1st MTD Order"). But Plaintiffs' opposition repeats those same arguments—without ever acknowledging that the Court has heard and ruled on them before. If Plaintiffs disagree with the Court's reasoning, they can file an appeal. But Plaintiffs should not be permitted to file amended complaint after amended complaint that do nothing to cure the deficiencies that this Court has already identified. The Court should dismiss Plaintiffs' first amended complaint for the same reasons it dismissed Plaintiffs' original complaint—this time without leave to amend.

II. ARGUMENT

Plaintiffs' opposition brief does not change the Server Test analysis. The arguments are the same as those rejected by the Court in its order granting Instagram's first motion to dismiss and should be rejected here for the same reasons.[1]

A. **Nothing in Plaintiffs' opposition changes this Court's conclusion that the Server Test bars Plaintiffs' secondary liability claims because there is no direct infringement.**

First, Plaintiffs argue that the Server Test should not apply to the facts of this case because *Perfect 10* involved a search engine, and "Instagram does not function like a search engine such as Google."[2] Plaintiffs made this exact same argument in their opposition to Instagram's first motion to dismiss. *Compare* ECF No. 25 ("1st MTD Opp.") at IV.A *with* Opp. at IV.A. And the Court expressly

---

[1] Entire paragraphs are copied nearly verbatim from Plaintiffs' opposition to Instagram's first motion to dismiss. Instagram attaches here as **Exhibit 3** a redline comparing Plaintiffs' two oppositions. *See* Declaration of Annie A. Lee in Support of Reply In Support of Motion to Dismiss First Amended Complaint, Ex. 3 (comparing ECF Nos. 25 and 32).

[2] Instagram's reply in support of its first motion to dismiss explained that such an analogy is fundamentally inapt. ECF No. 26 at 7, n.2. In *Perfect 10*, it was on Google's website that a user viewed the accused images. Here, it is on Buzzfeed's and Time's websites that a user views the accused images. The appropriate question is thus whether Buzzfeed and Time, not Instagram, are search engines. Plaintiffs' opposition repeats the same analogy without addressing this distinction.

rejected that argument.  *See* 1st MTD Order at 3 ("Hunley argues that the server test should not apply to third-party websites that embed images and videos shared on social media because *Perfect 10* addressed a 'search engine' and reflected a 'highly fact-driven . . . policy judgment.' . . . That is wrong.").

Plaintiffs try to put a different gloss on the argument this time:  They now argue that the "perception of the viewer" is different for embedded Instagram content than it was for the Google image thumbnails in *Perfect 10* because the user viewing the Google thumbnails had to "navigate elsewhere on the internet to properly experience the full size image." Opp. at 8-9.  That may well be true for Google's ***thumbnails*** in *Perfect 10*, but the holding in *Perfect 10* that applied the Server Test pertained to the ***full-size*** images of Google image search, not the thumbnails.  *See* ECF No. 26 ("1st MTD Reply") at 5-6 (explaining the different holdings in *Perfect 10*).  Properly applying the Ninth Circuit's holding with respect to the full-size images makes clear that Plaintiffs' argument fails.  That is because Plaintiffs allege the accused works are embedded seamlessly into the third-party embedder's website, ECF No. 28 ("FAC") at ¶ 59, just as the Ninth Circuit in *Perfect 10* noted that for the full-size images on Google, "the user's window appear[ed] to be filled with a single integrated presentation." *Perfect 10*, 508 F.3d at 1155-56.  In fact, the *Perfect 10* court squarely held that the user's perspective for embedded content does not affect the copyright claim as a matter of law.  1st MTD Reply at 4-5 (citing *Perfect 10*, 508 F.3d at 1161 ("Perfect 10 argues that Google displays a copy of the full-size images by framing the full-size images, which gives the impression that Google is showing the image within a single Google webpage. ***While in-line linking and framing may cause some computer users to believe they are viewing a single Google webpage***, the Copyright Act, unlike the Trademark Act, does not protect a copyright holder against acts that cause consumer confusion")) (emphasis added).

Plaintiffs also attempt to evade the Server Test by arguing for the first time in their opposition that Instagram and Buzzfeed "may actually share a server." Opp. at 6 (emphasis omitted).  Plaintiffs' argument relies not on any allegations in their amended complaint—there are none—but on a single article from 2015 about a "theoretical" deal between Buzzfeed and Facebook whereby publishers like Buzzfeed would "send pages to Facebook that would live inside the social network's mobile app and be hosted by its servers."  Not only have Plaintiffs failed to explain how these "theoretical" assertions, if true, would affect the Server Test analysis (they wouldn't), but Plaintiffs have also failed to include any

allegations regarding this "theoretical" deal in their complaint, likely because there is no good faith basis for including them. Courts, however, rule on motions to dismiss based on what is in the complaint, not the opposition brief. *See, e.g.*, *Bagley v. City of Sunnyvale*, 2017 WL 344998, at *18 n.4, (N.D. Cal. 2017) ("The facts cited in Plaintiff's response to Santa Clara are not pled in the FAC and, therefore, do not prevent dismissal of the FAC.") (citing *Car Carriers, Inc. v. Ford Motors Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.")). And the amended complaint affirmatively alleges that the relevant articles are hosted on Instagram's servers alone, not on any servers owned or controlled by the third parties who have allegedly embedded Plaintiffs' Instagram posts. FAC at ¶¶ 58-59. This argument thus provides neither any justification for denial of the motion to dismiss nor any justification for leave to amend.

The application of the Server Test to the facts of this case remains unchanged.

### B. This Court already rejected Plaintiffs' attempt to cabin *Perfect 10* based on district court cases outside the Ninth Circuit.

Second, Plaintiffs' opposition copies wholesale the argument from their first opposition brief that the Court should rely on out-of-circuit district court decisions to ignore Ninth Circuit precedent. *See* Opp. at IV.B (citing and describing the exact same cases as 1st MTD Opp. at IV.B). That goes directly against the Court's order rejecting that notion. 1st MTD Order at 3 ("[U]nlike the U.S. District Court for the Southern District of New York, this Court is not free to ignore Ninth Circuit precedent.").

Plaintiffs' opposition now also cites the direct infringement case Plaintiffs brought in the Southern District of New York against Buzzfeed, to point out that Buzzfeed's motion to dismiss was denied in that case. Opp. at 9. Contrary to Plaintiffs' insinuations, that decision is neither binding nor persuasive here because it was decided by a district court under the law of a different Circuit, which, unlike this one, has not expressly recognized the Server Test. Indeed, Plaintiffs acknowledge that "the Server Test *has never been applied* in the Second Circuit." *Id.* at 9 n.5 (emphasis added).[3] Plaintiffs

---

[3] There also can be no suggestion that Instagram is bound by the decision in the Southern District of New York by way of res judicata or collateral estoppel because Instagram is not a party to that case. *See Taylor v. Sturgell*, 553 U.S. 880, 898 (2008) ("[O]ur decisions emphasize the fundamental nature of the general rule that a litigant is not bound by a judgment to which she was not a party.") (citation omitted).

brought their case in this district and so their claims must rise or fall under the law of the Ninth Circuit.[4]

### C. This Court already rejected Plaintiffs' argument that *Aereo* is clearly irreconcilable with the Server Test.

Third, Plaintiffs again ignore the Court's order by arguing that the Server Test is "inconsistent" with *Aereo*. *Compare* 1st MTD Opp. at IV.C with Opp. at IV.C. As this Court made clear in its order, Plaintiffs would need to show that *Perfect 10* and *Aereo* are "clearly irreconcilable" for the Court to ignore Ninth Circuit precedent, and they have made no such showing. 1st MTD Order at 3-5.

The "'clearly irreconcilable' requirement is a 'high standard'." *Aleman Gonzalez v. Barr*, 955 F.3d 762, 768 (9th Cir. 2020) (citation omitted). "It is not enough for there to be some tension . . . or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id.* (quotations and citations omitted). The reasoning and principles of the later authority need to be "so fundamentally inconsistent" that the court cannot apply the prior circuit precedent "without running afoul of the intervening authority." *Id.* (quotations and citations omitted).

In its order granting Instagram's first motion to dismiss, this Court held that the Supreme Court's holding in *Aereo* was not "clearly irreconcilable" because *Aereo* addressed different statutory language unique to the performance right that did not affect the display right at issue here. 1st MTD Order at 5 ("Because *Aereo* addressed 17 U.S.C. § 106(4)'s ambiguous language, it is not clearly irreconcilable with *Perfect 10*'s interpretation of 17 U.S.C. § 106(5)'s plain language."). Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs assert that the public performance right "is analogously interchangeable [with the exclusive right to display the copyrighted work publicly] in the bundle of rights under the Act." Opp. at 12-13. But Plaintiffs do not provide any support for such a bold legal assertion. To the contrary, the Supreme Court's opinion in *Aereo* addressed the particular question of whether the service provider in that case "perform[s]" the copyrighted works at issue, relying specifically on the premises that "Aereo's system 'receives programs that have been released to the public and carries them by private channels to additional viewers[,]' . . . 'carries . . . whatever programs it receives,' and . . . offers 'all the programming' of each over-the-air station it carries." *American Broadcasting Companies,*

---

[4] Plaintiffs' opposition acknowledges that Instagram's Terms of Use requires all copyright infringement claims to be filed in federal court in California. Opp. at 9, n.5.

*Inc., v. Aereo, Inc.,* 573 U.S. 431, 443 (2014) (quoting *Fortnightly Corp. v. United Artists Television, Inc.*, 392 U.S. 390, 400 (1968) (alterations in original omitted)). *See Aereo*, 573 U.S. at 442, 444 ("Aereo's activities are substantially similar to those of the CATV companies that Congress amended the Act to reach . . . . [T]he many similarities between Aereo and cable companies, considered in light of Congress' basic purposes in amending the Copyright Act, convince us that th[e] difference[s] [are] not critical here. We conclude that Aereo is not just an equipment supplier and that Aereo 'perform[s].'"). That particularized analysis of whether the Aereo service "performs" does nothing to undermine the Ninth Circuit's construction of the term "display" that undergirds the Server Test—and certainly is not "so fundamentally inconsistent" with application of the Server Test to the internet servers at issue here that the Court cannot apply the Ninth Circuit precedent "without running afoul of the intervening authority." *Gonzalez v. Barr*, 955 F.3d at 768 (quotations and citations omitted).

### D. Plaintiffs gave Instagram a license to display their works.

Plaintiffs assert that Instagram's motion to dismiss concerns "whether there was contributory or vicarious infringement," and argues that the motion should be denied because they have "sufficiently pled secondary liability." Opp. at 8. While this case does involve secondary liability claims, Instagram's present motion does not challenge the allegations specific to contributory or vicarious liability because the inquiry does not reach that far. As Plaintiffs themselves assert, "[a]ll theories of secondary liability for copyright and trademark infringement ***require some underlying direct infringement by a third party***." Opp. at 5 (citing *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008)) (emphasis added). And, as discussed above, Plaintiffs have not alleged any underlying direct infringement here.

In bringing this suit, Plaintiffs attempt to make an end-run around the license they gave to Instagram to display their works. Plaintiffs chose to make their profiles public and to post their photographs on those public profiles. By doing so, Plaintiffs granted Instagram "a non-exclusive, fully paid and royalty-free, worldwide, limited license to use, modify, delete from, add to, publicly perform, publicly display, reproduce and translate such Content." ECF No. 26-1, Declaration of Annie A. Lee in Support of Reply Memorandum of Points and Authorities, Ex. 2. Plaintiffs cannot now get around that license by suing Instagram for secondary copyright liability.

### E. The Court should deny leave to amend.

As shown here and in Instagram's opening brief, Plaintiffs' FAC lacks any new factual allegations relevant to the Server Test, demonstrating that Plaintiffs cannot allege new facts that would change the Server Test analysis. Leave to amend would thus be futile and should be denied. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("a district court need not grant leave to amend where the amendment . . . is futile.") (citation omitted).

### III. CONCLUSION

In its order granting Plaintiffs' first motion to dismiss, this Court dismissed Plaintiffs' original complaint because it found the parties agreed that BuzzFeed and Time "do not store the images and videos" on their own servers, and therefore there was no direct copyright infringement under the Ninth Circuit's Server Test. 1st MTD Order at 2. Plaintiffs' First Amended Complaint does not overcome that order because it raises the exact same legal question under the Server Test and alleges the exact same underlying facts. Plaintiffs continue to allege that Instagram is a secondary copyright infringer, not a direct copyright infringer. Opp. at 1. The parties continue to agree that for such secondary liability, Plaintiffs must show "some underlying direct infringement by a third party." *See* Opp. at 5 (quoting *Louis Vuitton,* 591 F.Supp.2d at 1104). And, crucially, Plaintiffs continue to allege that it is Instagram's servers, not the servers of third parties using Instagram's embedding tool, that host and transmit the embedded content. *See* ¶¶ 58-59, ECF No. 28 ("FAC"). These are the exact same allegations that were in Plaintiffs' original complaint, *see* ECF No. 1 ("Compl.") at ¶¶ 34-35, and which the Court relied on in dismissing the original complaint. 1st MTD Order at 2 (citing Compl. ¶¶ 34-35).

Instagram respectfully requests that the Court dismiss Plaintiffs' copyright claims without leave to amend. Allowing Plaintiffs to amend a second time would only waste the time and resources of the parties and the Court in addressing the same allegations and arguments again.

Dated:  January 14, 2022                                            DURIE TANGRI LLP

                                                                    By: _____*/s/ Joseph C. Gratz*_____
                                                                         JOSEPH C. GRATZ

                                                                    Attorneys for Defendant
                                                                    INSTAGRAM, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                        */s/ Joseph C. Gratz*
                                          JOSEPH C. GRATZ