IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIS HUNLEY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>INSTAGRAM, LLC,<br><br>  Defendant. | Case No. 21-cv-03778-CRB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

On May 19, 2021, Plaintiffs Alexis Hunley and Matthew Scott Brauer (collectively, Hunley) sued Defendant Instagram, LLC. See Compl. (dkt. 1) at 19-22. Hunley alleged that Instagram provided an "embedding" mechanism through which "third parties can copy the HTML [Hypertext Markup Language] code of an Instagram user's post and paste it into the third party's website, causing the photo or video posted to that Instagram user's account to be simultaneously displayed on that third party website." Id. ¶ 2. Hunley alleged that third parties committed copyright infringement and that Instagram was secondarily liable for that infringement.

On September 17, this Court granted Instagram's motion to dismiss. See Order Granting MTD (dkt. 27). The Court explained that Hunley's legal theory failed because, under binding Ninth Circuit precedent, Hunley had shown no "underlying direct infringement by a third party." Id. (quoting Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008)). Under binding Ninth Circuit precedent, an alleged infringer "display[s]" an image in violation of a copyright holder's rights only if a "copy" of the image is "embodied (i.e. stored) in a computer's server (or hard disk, or other storage device)." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1160 (9th Cir. 2007); see 17 U.S.C. § 106(5) (articulating a copyright owner's exclusive right "to display the copyrighted work publicly"); id. § 101 (defining

1  "display" and "copy").  But where an alleged infringer "do[es] not store the photographic images,

2  [he] does not have a copy of the images for purposes of the Copyright Act."  Perfect 10, 508 F.3d

3  at 1160.  Hunley had acknowledged that third parties using the embedding tool display the

4  copyrighted photos and videos without storing them on their own servers or other storage devices.

5  See Compl. ¶¶ 34-35; Opp. (dkt. 25) at 8.  The Court therefore held that, under Perfect 10, these

6  third parties could not be liable for copyright infringement.  And because there was no "underlying

7  direct infringement," Instagram could not be secondarily liable.  Order Granting MTD at 2–3.  The

8  Court declined to distinguish Perfect 10, noted that Google's HTML embedding technology in that

9  case was "remarkably similar to [Instagram's HTML embedding] technology at issue here."  Id. at

10  3 n.1.  The Court advised Hunley to appeal to the Ninth Circuit.  Id. at 5.[1]

11  Hunley did not.  Instead, on October 18, Hunley filed an amended complaint.  See FAC

12  (dkt. 28).  Although this amended complaint includes additional pages of text, most of it consists

13  of arguments that Perfect 10 was wrongly decided.  See, e.g., id. at 8-9, 15-19 (analyzing relevant

14  provisions of the Copyright Act, its legislative history, and related cases).  To the extent that

15  Hunley includes revised factual allegations, they only confirm that, under Perfect 10, the claims

16  fail as a matter of law.  See, e.g., FAC ¶¶ 58-59.  Hunley alleges that Instagram's embedding

17  technology "directs the browser to the Instagram server to retrieve the photo or video's location on

18  the Instagram server."  FAC ¶ 59 (emphasis added).  Hunley may be right that viewers "do not

19  know or care that the photo or video is located on the Instagram server," id. ¶¶ 59, 39, but the

20  problem for Hunley is that Ninth Circuit law does.

21  When a court dismisses a complaint for failure to state a claim, it should "freely give

22  leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But a court has discretion to

23  deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,

---

[1] In its prior order, the Court acknowledged that some courts outside of the Ninth Circuit disagree with Perfect 10.  See, e.g., Nicklen v. Sinclair Broadcasting Group, Inc., et al, 2021 WL 3239510 (S.D.N.Y. July 30, 2021); Leader's Institute, LLC v. Jackson, 2017 WL 5629514, at *11 (N.D. Tex. Nov. 22, 2017).  But this Court is bound by Ninth Circuit precedent.  The Court also noted that one district court has suggested in dicta that Perfect 10 might be limited to search engines. See Free Speech Systems, LLC v. Menzel, 390 F. Supp. 3d 1162, 1172 (N.D. Cal. 2019).  But, in light of the similarity of the technology in Perfect 10 and that at issue here, the Court disagreed.

repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008). The Court concludes that the deficiency in Hunley's first two complaints cannot be cured, as it is undisputed that the third-party infringers do not store the photos on their own servers as required by Perfect 10. See id. As this is the only fact that matters, amendment would be futile. See Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990) (affirming denial of leave where the relevant law did not give rise to plaintiff's rights "no matter what facts are alleged").

For the foregoing reasons, the Court GRANTS the motion to dismiss without leave to amend. As before, the Court suggests that Hunley present these arguments to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: February 1, 2022

_____
CHARLES R. BREYER
United States District Judge